IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 18, 2015

**MELISSA BARNETT v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Polk County**
**No. 14-CR-077 ECN     Andrew M. Freiberg, Judge**

_____

**No. E2014-02396-CCA-R3-ECN – Filed September 23, 2015**

_____

Petitioner, Melissa Barnett, appeals the dismissal of her second petition for a writ of error coram nobis, in which she alleged that her codefendant's recantation of his trial testimony constitutes newly-discovered evidence of her innocence. Upon our review of the record, we agree with the coram nobis court that Petitoner was previously granted a meaningful opportunity to present this claim, and we affirm its decision to dismiss the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and JOHN EVERETT WILLIAMS, JJ., joined.

Richard Hughes, District Public Defender, for the appellant, Melissa Barnett.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Counsel; and Neal Pinkston, District Attorney General Pro Tempore, for the appellee, State of Tennessee.

**OPINION**

*Factual and Procedural Background*

Petitioner and her codefendant, David Honey, were convicted in 1991 of first degree murder and conspiracy to commit first degree murder for the shooting death of Grady E. Barnett, Petitioner's father. Both received a sentence of life in prison. On direct appeal, this Court affirmed both Petitioner's and her co-defendant's convictions and sentences. *State v. David Honey and Melissa Barnett*, No. 03-C-01-9209-CR-00042,

1993 WL 38151, at *1-2 (Tenn. Crim. App. Feb. 17, 1993), *perm. app. denied* (Tenn. June 1, 1993). Mr. Honey testified at trial and was subject to cross-examination by Petitioner's trial counsel. He admitted that Petitioner had discussed killing her father with him but claimed that he refused to participate in the murder. *David Honey and Melissa Barnett*, 1993 WL 38151, at *2; *see also Melissa Barnett v. State*, No. E2012-00855-CCA-R3-PC, 2013 WL 709588, at *5-6 (Tenn. Crim. App. Feb. 26, 2013), *perm. app. denied* (Tenn. June 12, 2013).

A post-conviction court later granted relief to Mr. Honey, and he subsequently entered a best interest guilty plea to second degree murder on August 13, 2001, in exchange for a twenty-year sentence. Since then, Petitioner has made multiple attempts to collaterally attack her convictions based upon Mr. Honey's plea, wherein she claims that he recanted his trial testimony and accepted responsibility for the murder of her father.

First, Petitioner filed a pro se petition for post-conviction relief on May 10, 2004, alleging that Mr. Honey's guilty plea was newly-discovered evidence. *Melissa Barnett v. State*, No. E2004-02771-CCA-R3-PC, 2005 WL 3287453, at *1 (Tenn. Crim. App. Dec. 5, 2005), *perm. app. denied* (Tenn. May 30, 2006). This Court upheld the post-conviction court's dismissal of that petition as time-barred because Mr. Honey's guilty plea did not "constitute newly-discovered scientific evidence establishing her actual innocence of the conviction offense as contemplated by the statute." *Id*.; *see* T.C.A. § 40-30-102(b)(2).

Then, on November 20, 2009, Petitioner filed a pro se motion to reopen her post-conviction petition, again claiming that Mr. Honey's guilty plea was newly-discovered evidence. The post-conviction court denied the motion on January 26, 2010. This Court dismissed the appeal on the ground that Petitioner failed to comply with the requirements for perfecting an appeal from a denial of a motion to reopen. *Melissa Barnett v. State*, No. E2010-01200-CCA-R3-PC (Tenn. Crim. App. June 17, 2010) (order), *pet. to rehear denied* (Tenn. Crim. App. July 12, 2010), *no perm app. filed*; *see* T.C.A. § 40-30-117(c).

On June 10, 2010, Petitioner filed a pro se petition for a writ of error coram nobis, again arguing that Mr. Honey's "admission of culpability during the guilty plea hearing was newly discovered evidence entitling her to relief." *Melissa Barnett*, 2013 WL 709588, at *2. The coram nobis court appointed an attorney and held an evidentiary hearing. Petitioner testified that she learned of Mr. Honey's guilty plea "around Christmas 2003." *Id*. at *3. A transcript of Mr. Honey's plea hearing was entered into evidence. In the transcript, Mr. Honey's attorney represented that Mr. Honey disputed many of the facts as presented by the State but that he recognized his culpability and was entering a guilty plea in his best interest. *Id*. The coram nobis court denied relief on January 19, 2012. This Court affirmed the decision of the coram nobis court, concluding

that due process did not require tolling the statute of limitations. *Id*. at *5. Additionally, this Court concluded that Mr. Honey's guilty plea did not constitute newly-discovered evidence because "[n]o evidence was presented at the hearing suggesting that the codefendant admitted killing the victim or that he made statements inconsistent with his trial testimony." *Id*. at *6.

The present appeal is based upon Petitioner's second petition for a writ of error coram nobis, filed pro se on June 9, 2014. This time, Petitioner attached an affidavit from Mr. Honey, dated March 19, 2014, recanting his trial testimony and accepting full responsibility for the murder of Petitioner's father. The coram nobis court appointed counsel for Petitioner as well as a District Attorney General Pro Tempore for the State. At a status hearing on the petition, the State made an oral motion to dismiss the petition as untimely.[1] On November 12, 2014, the coram nobis court summarily dismissed the petition as time-barred. The coram nobis court found that Petitioner's claim was not eligible for due process tolling of the statute of limitations because Petitioner had a "meaningful opportunity to litigate this very issue in other collateral attacks" and found that Petitioner was at fault for failing to present Mr. Honey's recantation "or other similar evidence in one of her earlier claims for relief."

Petitioner filed a timely notice of appeal.

*Analysis*

A writ of error coram nobis lies "for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial." T.C.A. § 40-26-105(b); *State v. Hart*, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995). The writ of error coram nobis is "an *extraordinary* procedural remedy," designed to fill "only a slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999) (emphasis in original). In order to seek coram nobis relief, a petitioner must "establish[] that the petitioner was 'without fault' in failing to present the evidence at the proper time." *Harris v. State*, 102 S.W.3d 587, 592-93 (Tenn.2003). To be considered "without fault," the petitioner must show that "the exercise of reasonable diligence would not have led to a timely discovery of the new information." *State v. Vasques*, 221 S.W.3d 514, 527 (Tenn. 2007)). The coram nobis court will then determine "whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceedings might have been different." *Id.* at 526.

---

[1] This hearing is discussed in the coram nobis court's order of dismissal; however, no transcript of the status hearing is in the record on appeal. The coram nobis court notes that Petitioner and counsel were present and were asked why this petition should not be treated as the same claim previously litigated and dismissed as time-barred.

A petition for coram nobis relief must be filed within one year after the judgment becomes final. T.C.A. § 27-7-103. For the purposes of coram nobis relief, a judgment becomes final thirty days after the entry of the judgment in the trial court if no post-trial motion is filed, or upon entry of an order disposing of a timely filed post-trial motion. *Mixon*, 983 S.W.2d at 670. Whether a claim is barred by an applicable statute of limitations is a question of law, which we review de novo. *Harris v. State*, 301 S.W.3d 141, 144 (Tenn. 2010) (citing *Brown v. Erachem Comilog, Inc.*, 231 S.W.3d 918, 921 (Tenn. 2007)). The State bears the burden of raising the statute of limitations as an affirmative defense. *Id.*; *Sands v. State*, 903 S.W.2d 297, 299 (Tenn. 1995).

Despite the one-year statute of limitations, when a petitioner seeks a writ of error coram nobis based on newly discovered evidence, due process considerations may require tolling the statute of limitations. *Harris*, 301 S.W.3d at 145 (citing *Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001)). Our supreme court has held that, "before a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner." *Workman*, 41 S.W.3d at 102 (quoting *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992)). To determine whether due process principles require tolling the statute of limitations, a court must balance the State's interest in preventing stale and groundless claims with the petitioner's interest in obtaining a hearing to present a later-arising ground for relief. *Harris*, 301 S.W.3d at 145 (citing *Workman*, 41 S.W.3d at 103). In balancing these interests, the court must apply a three-step analysis:

> (1) determine when the limitations period would normally have begun to run;
>
> (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and
>
> (3) if the grounds for relief are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

*Id.* (quoting *Sands*, 903 S.W.3d at 301). Whether due process considerations require tolling of a statute of limitations is a mixed question of law and fact, which we review de novo with no presumption of correctness. *Harris*, 301 S.W.3d at 145.

Petitioner filed the present petition for a writ of error coram nobis well-beyond the one-year statute of limitations period for her 1991 convictions. Therefore, we must determine whether her asserted ground for relief—Mr. Honey's recantation of his trial testimony—actually arose after the limitations period and whether a strict application of

the statute of limitations would effectively deny Petitioner a reasonable opportunity to present her claim.

Mr. Honey entered his guilty plea in 2001, and Petitioner claims that she first learned of Mr. Honey's guilty plea in late 2003. Petitioner filed her first petition for coram nobis relief in 2010. We note that ignorance as to the existence of a claim does not create a "later-arising" claim for due process purposes; therefore, Petitioner's claim actually arose in 2001 when Mr. Honey entered his plea. *See Brown v. State*, 928 S.W.2d 453, 456 (Tenn. Crim. App. 1996); *Passarella v. State*, 891 S.W.2d 619, 635 (Tenn. Crim. App. 1994). This Court previously held that "[t]he opportunity to assert her claim was within her control after she learned of her codefendant's guilty plea in late 2003 or early 2004." *Melissa Barnett*, 2013 WL 709588, at *5. However, "[n]othing in the record explain[ed] why the Petitioner waited [several] years to attempt to present her coram nobis claim." *Id*. Even under due process, a petitioner must bring his or her claim within a reasonable time of learning of the later-arising ground for relief. *Harris*, 301 S.W.3d at 147 (finding that a delay of six years was unreasonable). The fact that Petitioner unsuccessfully attempted to obtain relief through post-conviction proceedings does not further toll the statute of limitations for a coram nobis claim. *See id*. at 146 ("No statute in Tennessee nor tolling rule developed at common law provides that the time for filing a cause of action is tolled during the period in which a litigant pursues a related but independent cause of action."). Therefore, Petitioner is not entitled to further tolling of the statute of limitations.

Petitioner claims that the 2014 affidavit from Mr. Honey recanting his trial testimony is newly-discovered evidence separate and distinct from his 2001 guilty plea. However, we agree with the coram nobis court in this case, that Petitioner has "merely re-package[d] th[e] same claim in a new form" by including the affidavit. Despite the fact that Petitioner's first petition for coram nobis relief should have been time-barred, she was granted a full evidentiary hearing. Petitioner did not seek to obtain an affidavit from Mr. Honey at that time. *See Hart*, 911 S.W.2d at 374 (holding that affidavits containing relevant and material information, in which the affiant has personal knowledge, should be filed in support of the grounds raised in the coram nobis petition). Petitioner also did not subpoena Mr. Honey to testify, despite being afforded the opportunity to do so. Petitioner was under a duty to diligently pursue her claims. *See Harris*, 301 S.W.3d at 144; *Mixon*, 983 S.W.2d at 670.

Furthermore, Petitioner's claim that she was prevented from presenting this evidence at the earlier hearing because of the ineffective assistance of her prior coram nobis counsel is unpersuasive. There is no constitutional or statutory right to the effective assistance of counsel in collateral proceedings such as petitions for a writ of error coram nobis or petitions for post-conviction relief. *See Coleman v. Thompson*, 501 U.S. 722, 755 (1991), *holding modified by Martinez v. Ryan*, -- U.S. --, 132 S. Ct. 1309

(2012); *House v. State*, 911 S.W.2d 705, 712 (Tenn. 1995) ("There being no constitutional or statutory right to effective assistance of counsel in post-conviction proceedings, a court should not consider the ineffectiveness of counsel at a prior post-conviction proceeding in deciding whether a ground for relief has been previously determined."). As explained by the United States Supreme Court, "the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error'" in state collateral proceedings. *Coleman*, 501 U.S. at 753 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Therefore, Petitioner is not excused from her duty to diligently pursue her claims. Waiting over ten years to obtain an affidavit from the allegedly recanting witness, after having been granted a full evidentiary hearing on a previous petition asserting the same ground for relief, "exceeds the reasonable opportunity [to present a claim in a meaningful time and in a meaningful manner] afforded by due process." *Harris*, 301 S.W.3d at 147 (concluding that a delay of six years was unreasonable). Petitioner is not entitled to an additional evidentiary hearing to re-litigate a claim that she was previously afforded a meaningful opportunity to present.

*Conclusion*

Based on the foregoing, we conclude the coram nobis court's judgment was correct that Petitioner was not entitled to another evidentiary hearing. We affirm the judgment of the coram nobis court.

_____
TIMOTHY L. EASTER, JUDGE